UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
EAMONN MCLOUGHLIN,

                Plaintiff,

  -against-

KILOLO KIJAKAZI,

                Defendant.
----------------------------------------------------------------X

REPORT & RECOMMENDATION
23 CV 3542 (NRM)(LB)

**BLOOM, United States Magistrate Judge:**

      Eamonn McLoughlin ("plaintiff") moves for attorney's fees pursuant to the Social Security Act § 406(b)(1). ECF Nos. 15, 16, 17. Kilolo Kijakazi ("defendant") "neither supports nor opposes counsel's request for attorney's fees." ECF No. 19. The Honorable Nina R. Morrison referred this motion to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, I respectfully recommend that plaintiff's motion should be granted.

## BACKGROUND

      When plaintiff, a former New York City fire fighter, applied for disability benefits, a Social Security Administration ("SSA") administrative law judge concluded that he was disabled as of December 19, 2021. ECF No. 1, ¶¶ 6, 10. He appealed only the determination of the onset of his disability to the Social Security Appeals Council. Id., ¶ 11. The Appeals Council denied plaintiff review. Plaintiff filed his complaint in this Court on May 10, 2023 alleging that the final decision regarding his disability status prior to December 20, 2021 was "not supported by substantial evidence and is based on errors of law." Id. Defendant's counsel filed the Administrative Transcript on August 7, 2023, ECF No. 8, and the parties jointly moved to reverse the Commissioner's final decision and to remand this matter to the SSA for further administrative proceedings. ECF No. 10. The Court granted the joint motion, reversed the Commissioner's final

1

decision, and remanded this proceeding to the SSA. ECF No. 11. On January 11, 2024, plaintiff moved for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA") at 28 U.S.C. § 2412. ECF Nos. 12, 13, 14. The Court granted plaintiff's motion and awarded plaintiff $4,072.83 in attorney's fees and $402.00 in costs. ECF Order dated January 19, 2024.

Upon remand to the SSA, plaintiff received "a fully favorable administrative law judge decision" finding that plaintiff has been disabled since September 21, 2019. ECF No. 16. Plaintiff now moves for attorney's fees pursuant to 42 U.S.C. § 406(b)(1). ECF Nos. 15, 16, 17. The Honorable Nina R. Morrison referred this motion to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). ECF Order dated April 21, 2025.

## DISCUSSION

In pertinent part, under the Social Security Act:

> Whenever a court renders a judgment favorable to a claimant…who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A). When a district court reverses a denial of benefits, the Court may wait until the SSA concludes its review of a case on remand before awarding attorney's fees. Sinkler v. Berryhill, 932 F.3d 83, 86 (2d Cir. 2019). Once a claimant receives notice of the SSA Commissioner's calculation of an award of past due benefits, the claimant has fourteen days to move for an award of attorney's fees. Id. at 91 (citing Rule 54(d)(2)(B)). When fees are awarded, an attorney who also received fees under the EAJA must return the smaller of either the fees awarded under EAJA or the fees awarded under Section 406(b)(1)(A). Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).

2

I.      **Timeliness**

42 U.S.C. § 406(b) does not have a statutory deadline to file fee applications. The Second Circuit has established that Fed. R. Civ. P. 54(d)(2)(B)'s fourteen-day period for fee applications allows for equitable tolling until the claimant receives actual notice of the amount of any benefits awarded. Sinkler v. Berryhill, 932 F.3d 83, 86 (2d Cir. 2019).

In this case, plaintiff's Notice of Award is dated March 3, 2025, and plaintiff's counsel states that it was received March 7, 2025. ECF No. 16. Courts in this district have reasoned "that starting the 14-day period when counsel receives notice of the benefit award is more consistent with Sinkler's logic, because until counsel receives notice of the award, the amount of the award remains as-yet-unknown to the relevant party filing the § 406(b) motion." See Davis v. Kijakazi, No. 19-CV-2561 (RRM), 2023 WL 2710403, at *4 (E.D.N.Y. Mar. 30, 2023) (collecting cases) (internal quotation omitted) (citing Williams v. Commissioner of Social Security, No. 18-CV-4734(PKC), 2021 WL 4480536, at *2 (E.D.N.Y. Sept. 30, 2021). Plaintiff filed his motion for fees on March 21, 2025 within fourteen days from the date plaintiff received notice of the award. Therefore plaintiff's fee application is timely.

II.     **The Fee Award is Reasonable**

Attorneys are free to enter into contingent-fee agreements with clients in Social Security benefit cases, but the Social Security Act requires the Court to conduct an independent review to ensure that the fees obtained are reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The burden is on the attorney to demonstrate that the fees provided by the agreement are "reasonable for the services rendered." Id. The Second Circuit has counseled that a Court analyzing the reasonableness of a fee award should consider "a) the character of the representation and the result the representative achieved, b) whether a claimant's counsel is responsible for undue delay, and c)

whether there was fraud or overreaching in the making of the contingency agreement." Fields v. Kijakazi, 24 F.4th 845, 849 (2d Cir. 2022) citing Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002). "[A] district court must also consider [the following to determine] whether a requested fee would result in a 'windfall' to counsel." Id.

> 1) Whether the attorney's efforts were particularly successful for the plaintiff; 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

Heffernan v. Astrue, 87 F. Supp. 3d 351, 354 (E.D.N.Y. 2015) (quoting Rowell v. Astrue, no. 05-CV-1592(CBA)(JMA), 2008 WL 2901602, at *1 (E.D.N.Y. July 28, 2008).

The record in this case reflects that plaintiff's counsel obtained a consent remand approximately six months after filing the federal complaint. See Thomas v. Commissioner of Social Security Administration, No. 23 Civ. 04642 (LJL)(GWG), 2024 WL 4942283, at *2 (S.D.N.Y. Dec. 3, 2024) ("The filing of the case achieved a prompt and successful result for the claimant in that [claimant] was awarded past-due benefits a mere four months after filing his complaint in this Court."). As there is no evidence of fraud, ineffectiveness, or delay on the part of plaintiff's counsel, the Court only examines whether the award sought would constitute a windfall.

Although the lodestar method should not be used in determining a reasonable fee under Section 406(b), Courts still consider the hourly rate obtained by dividing the requested fee by the hours spent working on the case when making a reasonableness determination. Ferrara v. Commissioner Social Security, No. 18-CV-22(ALC), 2020 WL 6782045, at *2 n.1 (S.D.N.Y. Nov. 18, 2020) (citing Gisbrecht, 535 U.S. at 808). Courts in this Circuit approve substantial fee awards

4

when compared to the time spent working on the case. See, e.g., Giacoio v. Commissioner of Social Security, No. 20-cv-00741(KHP), 2023 WL 2301423, at *2 (S.D.N.Y. Mar. 1, 2023) (approving a fee which resulted in a $1,783.62 hourly rate); Baron v. Astrue, 311 F. Supp. 3d 633, 637 (S.D.N.Y. 2018) (collecting social security cases where attorney's fee awards range from $1,000 to $2,100); Duncan v. Commissioner of Social Security, No. 20-CV-6218 (FB), 2024 WL 3594667, at (E.D.N.Y. July 31, 2024) (approving a de facto hourly rate of $2,458.56).

In this case, plaintiff's attorneys spent 16.8 hours on plaintiff's case. ECF No. 16, ¶ 36. Plaintiff's counsel states he graduated law school in June 1994 and has "over thirty years' experience in litigating Social Security cases at the administrative level and in federal court." Id., ¶ 43. Additionally, counsel has represented clients in over 1,000 civil actions in federal court and regularly provides training to advocates through the Practicing Law Institute, Legal Services for New York, Empire Justice Center, and the Federal Bar Council. Id., ¶ 44. His hourly rate here is $600 for non-contingent fee cases. Id., ¶ 46. With a total award of $31,040.48,[1] the effective hourly rate is approximately $1,847.65. Although this is a substantial hourly rate, counsel obtained a favorable result for plaintiff and the hourly award is not out of line with awards granted in this district.

The Court finds that the requested fee represents 25% of plaintiff's benefits. This fee award is not a windfall and should be approved as reasonable. It "satisfies the underlying policy goal of ensuring that claimants have qualified counsel representing them in their social security appeals.").

---

[1] The parties are inconsistent in their calculations. Plaintiff's motion for approval of fees seeks $30,040. ECF No. 15, ¶ 2. However, plaintiff's calculations in the declaration in support and the memorandum of law seek $31,040.23. ECF Nos. 16, 17. Defendant's response to the motion uses both $30,040.00 and $31,040.23. ECF No. 19. The Court recommends awarding $31,040.48 based on defendant's confirmation that "[t]he agency withheld $31,040.48 in attorney fees, comprised of $20,661.23 for Plaintiff's claim and $10,379.25 for his child's claim."

Karki v. Commissioner of Social Security, No. 13-CV-6395 (PKC), 2018 WL 1307947, at *3 (E.D.N.Y. Mar. 13, 2018).

## CONCLUSION

Accordingly, I recommend that plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) should granted and plaintiff's counsel should receive $26,967.65.[2]

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

>                    /S/
>           LOIS BLOOM
>           United States Magistrate Judge

Dated: May 5, 2025
       Brooklyn, New York

---

[2] As discussed above, plaintiff's counsel was already awarded $4,072.83 in attorney's fees pursuant to the EAJA. Normally the procedure is to award counsel the full reasonable fee and direct counsel to refund the previous amount awarded. However, the Court agrees with counsel that it would be more efficient to subtract the $4,072.83 previously awarded from the $31,040.48 the Court now finds to be reasonable.